# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| AKWASI BOAKYE OSEI, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 18-1530 (RC) |
| | : | | |
| v. | : | Re Document No.: | 2, 15, 18, 21, 27 |
| | : | | 35, 39, 40, 41, 42 |
| | : | | 43, 45 |
| STANDARD CHARTERED BANK, *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

## MEMORANDUM OPINION

### DENYING PLAINTIFF'S MOTIONS FOR RECUSAL AND REASSIGNMENT OF THIS CASE; GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING ALL OTHER PENDING MOTIONS AS MOOT

## I. INTRODUCTION

In this case, Plaintiff Akwasi B. Osei seeks to enforce a foreign judgment, including accrued interest and additional punitive damages, against Defendants Standard Chartered Bank, Standard Chartered Bank New York, and Standard Chartered Bank Ghana, Ltd (together, "Standard Chartered"), and to vacate all orders and decisions obtained by Standard Chartered in prior cases in New York Supreme Court. Osei alleges that he initially obtained a $14 million judgment in the Ghanaian court system and sought to enforce that judgment in the New York Supreme Court. He separately sued Standard Chartered for tortious conduct stemming from the same underlying facts in both the New York Supreme Court and the U.S. District Court for the Southern District of New York. However, the cases were dismissed in both courts. In the interim, the Court of Appeals in Ghana also overturned the original damages award. Osei brings this suit under Rule 60 of the Federal Rules of Civil Procedure, claiming that Standard Chartered and its attorneys have committed fraud before the court in the prior cases in Ghana and New

York.  Now before the Court are Osei's motions for recusal and motions for reassignment.  Also before the Court is Standard Chartered's motion to dismiss the case for lack of subject matter jurisdiction.  For the reasons set forth below, the Court denies the motions for recusal and reassignment, grants the motion to dismiss, and denies all other pending motions as moot.

## II.  FACTUAL BACKGROUND[1]

Plaintiff Akwasi B. Osei is a Ghanaian-born businessman who currently resides in the United States.[2]  On December 11, 2014, Osei obtained a judgment against Standard Chartered Bank Ghana Ltd.[3] in the Ghana High Court of Justice "award[ing] [him] damages of fourteen million US dollars."  December 11, 2014 Ghana High Court Judgment, Compl. Ex. A01 65, ECF No. 1-2.  The award included compensation for "wrongfully dishonor[red] che[ck]s" and for "special and general damages for . . . wrongful acts."  *Id.* at 1.  On December 18, 2014, Standard Chartered "applied to [the Ghana High Court of Justice] for an order staying the execution of the

---

[1] When considering a motion to dismiss, the court "accepts the allegations of the complaint as true."  *Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1129 (D.C. Cir. 2015).  The Court may also consider "documents attached as exhibits or incorporated by reference in the complaint."  *Ward v. D.C. Dep't of Youth Rehab. Servs.*, 768 F. Supp. 2d 117, 119 (D.D.C. 2011) (internal quotation marks omitted) (quoting *Gustave–Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002)).

[2] The record is unclear about Osei's current citizenship or residence status.  In the Complaint and several briefs, Osei refers to "[himself] and [his] wife and three minor children who are all US citizens," Compl. ¶ 7, ECF No. 1; Pl.'s Renewed Request for Reassignment 2, ECF No. 40; Pl.'s Renewed Request for Reassignment 2, ECF No. 41, leaving unclear whether only some or all members of his family are US citizens.  Osei states elsewhere in the Complaint that he and his family "are in the United States permanently on Political Asylum."  Compl. ¶¶ 7, 17, 22.

[3] In his suits in Ghana and New York, Osei filed claims against the changing combination of Standard Chartered Bank, Standard Chartered Bank Ghana, and Standard Chartered Bank New York.  Standard Chartered argues that there is no separate legal entity named "Standard Chartered Bank New York," only a branch of Standard Chartered Bank located in New York.  Defs.' Mem. Supp. Mot. Dismiss 8, ECF No. 21-1.  The Court refers to all three entities throughout this opinion as "Standard Chartered."

2

judgment pending . . . [an] appeal." March 23, 2015 Ghana High Court Judgment, Compl. Ex. A03 85, ECF No. 1-2. On March 23, 2015, the Ghana High Court of Justice partially granted the order, requiring Standard Chartered to "pay [roughly $1.3 million USD] of the judgment debt." *Id.* at 86.

After Standard Chartered failed to pay, Osei filed suit in the New York Supreme Court on May 26, 2015, seeking recognition and enforcement of the $14 million judgment. Compl. ¶¶ 13–14. While the suit was pending, the Ghana Court of Appeal granted a "complete stay of execution of the judgment" of the Ghana High Court. June 22, 2015 Ghana Court of Appeals Judgment, Compl. Ex. A04 88, ECF No. 1-2. Judge Braun of the New York Supreme Court granted a stay order and later dismissed the case against Standard Chartered. *See* Compl. ¶ 23; Docket, *Osei v. Standard Chartered Bank*, No. 0100923/2015 (N.Y Sup. Ct.).[4] After Osei appealed the dismissal, the Appellate Division dismissed that appeal as untimely, denied Osei's requests for "recus[al of] Justice Braun" and "investigat[ion of] the court officers involved," and directed Osei "not to file any further motions without prior written permission." *Osei v. Standard Chartered Bank*, M-3271, M-3274, 2016 WL 6110962, at *1 (N.Y. App. Div. Oct. 20, 2016).

On May 26, 2015, Osei separately filed a tort suit against Standard Chartered in the U.S. District Court for the Southern District of New York. Compl. ¶ 41. On June 30, 2015, U.S. District Court Judge Lorna G. Schofield dismissed the S.D.N.Y. suit for lack of subject matter jurisdiction. *Osei v. Standard Chartered Bank*, No. 15 Civ. 03992 (LGS), 2015 WL 4006211, at

---

[4] The Court takes judicial notice of the dockets and published opinions for Osei's related state and federal lawsuits. *See, e.g., Al-Aulaqi v. Panetta*, 35 F. Supp. 3d 56, 67 (D.D.C. 2014) ("A court may take judicial notice of facts contained in public records of other proceedings." (citing *Covad Commc'ns Co. v. Bell Atl. Co.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005))).

3

*1 (S.D.N.Y. June 30, 2015). Following the dismissal, Osei filed a letter that the district court "construed as a motion for reconsideration of the [dismissal]" and denied. *Osei v. Standard Chartered Bank*, No. 15 Civ. 3992 (LGS), 2105 WL 4557345, at *1 (S.D.N.Y. July 27, 2015). After the S.D.N.Y. suit was dismissed, Osei re-filed his tort suit against Standard Chartered in the New York Supreme Court on July 2, 2015. Compl. ¶ 41. That lawsuit was also assigned to Judge Braun. *See* Docket, *Osei v. Standard Chartered Bank*, No. 0101207/2015 (N.Y. Sup. Ct.). It, too, was dismissed, and Osei's appeal was dismissed as untimely by the Appellate Division in the same order that dismissed Osei's appeal of his first state court suit. *See Osei*, 2016 WL 6110962 at *1.

During this entire ordeal, Osei alleges that Standard Chartered committed a variety of frauds, including assisting in fraudulently taking his property in Ghana, scheming to evict his family from their apartment in Chicago, and filing fraudulent letters to the courts in both Ghana and New York. Compl. ¶¶ 8–12, 15, 23, 27. Osei claims that he has filed official complaints regarding the fraudulent conduct with the Federal Bureau of Investigation. *Id.* ¶¶ 37–38.

Osei filed this suit on June 27, 2018, seeking to vacate the orders from the New York Supreme Court and to obtain payment of the original judgment from the Ghana High Court, including all accrued interest, in addition to $30 billion in punitive damages. Compl. ¶¶ 44–48. After this Court twice denied default judgment and issued a minute order granting an extension of time for Standard Chartered to respond to the Complaint, Osei filed a motion for recusal claiming "violations of . . . judicial duty and . . . fraud upon [the Court]." Pl.'s Mot. Recusal ¶ 3, ECF No. 18. On September 12, 2018, Standard Chartered filed a motion to dismiss for lack of subject matter and personal jurisdiction. Defs.' Mot. Dismiss 1, ECF No. 21. In the months following, Osei has filed six motions for reassignment. Pl.'s Request for Reassignment

("Reassign. Request A"), ECF No. 39; Pl.'s Renewed Request for Reassignment ("Reassign. Request B"), ECF No. 40; Pl.'s Renewed Request for Reassignment ("Reassign. Request C"), ECF No. 41; Pl.'s Renewed Request for Reassignment ("Reassign. Request D"), ECF No. 42; Pl.'s Renewed Request for Reassignment ("Reassign. Request E"), ECF No. 43; Pl.'s Renewed Request for Reassignment ("Reassign. Request F"), ECF No. 45. Osei has also filed two renewed motions for default judgment. Pl.'s Mot. Default J., ECF No. 27; Pl.'s Renewed Mot. Default J., ECF No. 35.

### III. ANALYSIS

The Court first reviews Osei's motion for recusal and motions for reassignment, before addressing the pending motion to dismiss. Because Osei fails to meet the standard for recusal, the Court denies the motion for recusal and motions for reassignment. And because the Court finds that it lacks subject matter jurisdiction to consider Osei's claims, the Court grants the motion to dismiss. Having dismissed this case for lack of subject matter jurisdiction, the Court denies as moot all remaining pending motions.

#### A. Motion for Recusal and Motions for Reassignment

Osei's motion for recusal does not indicate pursuant to what law the requests for recusal and reassignment are brought. *See generally* Pl.'s Mot. Recusal. Construing *pro se* pleadings liberally, recusal can be sought under either constitutional or statutory authority. Additionally, Osei's six motions for reassignment raise substantially similar arguments as his motion for recusal. *See generally* Reassign. Request A; Reassign. Request B; Reassign. Request C; Reassign. Request D; Reassign. Request E; Reassign. Request F. Because the arguments raised in the motions for recusal and reassignment overlap to a significant degree, the Court will discuss

the motions for reassignment within the analytical framework for the recusal motion.[5] The Court denies the motions for recusal and reassignment because neither constitutional nor statutory authority warrant recusal.

"The United States Constitution, federal statutory law, and codes of judicial conduct each prescribe recusal standards under which a judge may—or, under limited circumstances, must—remove himself from a case to safeguard the integrity of the proceedings." *Jordan v. U.S. Dep't of Labor*, 308 F. Supp. 3d 24, 31 (D.D.C. 2018); *see also Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 876–77 (2009); *United States v. Microsoft Corp.*, 253 F.3d 34, 113–15 (D.C. Cir. 2001). First, "[d]ue process guarantees 'an absence of actual bias' on the part of a judge." *Williams v. Pennsylvania*, 136 S. Ct. 1899, 1905 (2016) (quoting *In re Murchison*, 349 U.S. 133, 136 (1955)). Complying with Due Process requires a judge to recuse himself "when objectively speaking, 'the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable.'" *Rippo v. Baker*, 137 S. Ct. 905, 907 (2017) (quoting *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). The Supreme Court has only recognized a few circumstances where the appearance of bias requires recusal. *See, e.g.*, *Caperton*, 556 U.S. at 872 (requiring recusal where a party was a substantial donor to a judge's election campaign); *Mayberry v. Pennsylvania*, 400 U.S. 455, 466 (1971) (holding that it may violate due process when a judge presides over a criminal contempt case that resulted from the defendant's hostility toward the judge); *Tumey v. Ohio*, 273 U.S. 510, 523, 531–532 (1927) (establishing that a judge may not

---

[5] Osei raises additional claims in his subsequent motions for reassignment, including collusion with the Ghanaian government, Reassign. Request B 2; Reassign. Request C 2, and severe persecution and mental torture, Reassign. Request D 4; Reassign. Request F 4. Osei's last request for reassignment additionally raises claims against Huawei Group and other newly identified entities. Reassign. Request F 5–6. Because these new claims are unrelated to the issue of recusal and reassignment, the Court does not consider them.

preside over a case in which he has a "direct, personal, substantial, pecuniary interest"). "Certainly only in the most extreme of cases would disqualification on [the] basis" of allegations of bias by the judge "be constitutionally required." *Aetna Life Ins. Co. v. Lavoie*, 475 U.S. 813, 821 (1986).

However, many "questions concerning a judge's qualifications to hear a case are not constitutional ones." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). In construing Osei's pleading liberally, the Court can formulate, to its best ability, that Osei's motion invokes the statutory provisions mandating for recusal on grounds of impartiality, 28 U.S.C. § 455(a), and personal bias or prejudice, *id.* § 455(b)(1).

A judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Under 28 U.S.C. § 455(a), the Court must objectively analyze whether "a reasonable and informed observer would question the judge's impartiality." *United States v. Cordova*, 806 F.3d 1085, 1092 (D.C. Cir. 2015) (internal quotations omitted). "The very purpose of § 455(a) is to promote [public] confidence in the judiciary by avoiding even the appearance of impropriety whenever possible." *Microsoft*, 253 F.3d at 114 (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 865 (1988)). Therefore, "the mere appearance of bias is sufficient to mandate recusal—whether there is actual bias is irrelevant." *Phillip Morris USA, Inc. v. FDA*, 156 F. Supp. 3d 36, 49 (D.D.C. 2016). The determination of recusal requires the judge to put himself in the shoes of a "fully informed third-party observer who 'understand[s] all the relevant facts' and has 'examined the record and the law.'" *Id.* (quoting *Cordova*, 806 F.3d at 1092). That observer "must assume that judges are ordinarily capable of setting aside their own interests and adhering to their sworn duties to faithfully and impartially discharge and perform all duties incumbent upon them." *Armenian*

*Assembly of Am., Inc. v. Cafesjian*, 783 F. Supp. 2d 78, 91 (D.D.C. 2011). Therefore, a judge should only be disqualified "if it appears that he or she harbors an aversion, hostility or disposition of a kind that a fair-minded person could not set aside when judging the dispute." *Liteky v. United States*, 510 U.S. 540, 558 (1994) (Kennedy, J., concurring).

And under Section 455(b)(1), a judge must recuse himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). The movant must "demonstrate actual bias or prejudice based upon an extrajudicial source," *Cobell v. Norton*, 237 F. Supp. 2d 71, 98 (D.D.C. 2003), by providing "evidence of the judge's extrajudicial conduct . . . that are plainly inconsistent with his responsibilities as an impartial decisionmaker." *Cobell v. Norton*, 310 F. Supp. 2d 102, 120–21 (D.D.C. 2004).

"Unfavorable judicial rulings alone almost never constitute a valid basis" for a motion for recusal or reassignment. *United States v. Hite*, 769 F.3d 1154, 1172 (D.C. Cir. 2014); *see also Liteky*, 510 U.S. at 555. "[L]egal disagreements with [a] district judge's rulings . . . do not afford grounds for a recusal." *United States v. Williamson*, 903 F.3d 124, 137 (D.C. Cir. 2018). Additionally, a "judge should not recuse himself based upon conclusory, unsupported or tenuous allegations." *In re Kaminski*, 960 F.2d 1062, 1065 n.3 (D.C. Cir. 1992). Judges have "as much an obligation *not* to recuse [themselves] . . . as [they do] to recuse . . . when proper." *SEC v. Bilzerian*, 729 F. Supp. 2d 19, 22 (D.D.C. 2010). The granting of motions for extension of time to file does not suggest that the judge's impartiality might be reasonably questioned. *Sibley v. Obama*, 819 F. Supp. 2d 45, 51 (D.D.C. 2011).

Osei claims that recusal is warranted because of "violations of . . . judicial duty" and for "committing fraud upon [the Court]" because of this Court's "filing and denying of [Osei]'s

Motion for default judgment," "wrongful[] granting [of Standard Chartered]'s . . . Motion for Extension of Time," and "wrongful act to cover-up the fraud upon the Court committed by [Standard Chartered]'s Counsels . . . in [New York] Supreme Court." Pl.'s Mot. Recusal ¶¶ 3–4, ECF No. 18. Osei also claims that this Court fraudulently "forg[ed,] doctor[ed, and] t[a]mper[ed with Osei]'s letter and exhibits." Reassign. Request E 2.

None of these allegations mandate recusal under § 455(a). Osei's motion is almost entirely premised on this Court's rulings on his motion for default judgment and Standard Chartered's motion for extension. However, legal disagreements over unfavorable judicial rulings do not provide a basis for recusal. *Williamson*, 903 F.3d at 137; *Hite*, 769 F.3d at 1172. In attempting to question the Court's impartiality, Osei also points to a grand conspiracy allegedly concocted by Standard Chartered, and that included this Court, to cover-up Standard Chartered's past frauds. But a conspiracy cannot stand as a basis for recusal under § 455(a) when no facts are offered that "would fairly convince a sane and reasonable mind to question [the] Court's impartiality." *Walsh v. Comey*, 110 F. Supp. 3d 73, 77 (D.D.C. 2015). Osei provides nothing but bald accusations to support his cover-up allegations, and "'bald allegations of bias or prejudice' will not suffice" to support a § 455(a) recusal. *Ellis v. Jackson*, 319 F. Supp. 3d 23, 34 (D.D.C. 2018) (quoting *Karim-Panahi v. U.S. Congress*, 105 F. App'x 270, 275 (D.C. Cir. 2004)).

Osei's request also fails under § 455(b)(1) because he provides no evidence of actual bias or prejudice. His allegations are based on unfavorable rulings to support an unsubstantiated claim of conspiracy, and he provides no evidence to show that the Court was in any way prejudiced against him or relied on extrajudicial sources in issuing its decisions. Osei's allegation that this Court tampered with exhibits also fails because it is exactly the type of

9

baseless accusations that would not "convince a sane and reasonable mind" that this Court is prejudiced against him. *Walsh*, 110 F. Supp. 3d at 77. These allegations do not provide a basis for recusal under § 455(b)(1).

Because Osei's allegations do not meet the § 455(a) and § 455(b)(1) standards for recusal, they cannot meet the more stringent constitutional standard. *See, e.g.*, *Jordan v. U.S. Dep't of Justice*, 315 F. Supp. 3d 584, 593 (D.D.C. 2018); *Jordan v. U.S. Dep't of Labor*, 308 F. Supp. 3d 24, 33 (D.D.C. 2018). In the present situation, no reasonable observer would question this Court's impartiality, because Osei has not shown that this is one of the "extreme cases" where the probability of bias on the part of the Court has risen to intolerable levels. *Rippo*, 137 S. Ct. at 907; *Aetna Life Ins. Co.*, 475 U.S. at 821. Osei's arguments rest on either his disagreement with this Court's rulings or on conclusory and unsupported allegations of conspiracy, and neither can support recusal by this Court. *Hite*, 769 F.3d at 1172; *Kaminski*, 960 F.2d at 1065 n.3. The Court accordingly denies Osei's motions for recusal and reassignment.

### B. Motion to Dismiss

Next, Standard Chartered moves to dismiss this case under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. Because the Complaint does not identify a valid source of federal question jurisdiction and this Court has no general or specific personal jurisdiction over Standard Chartered, the Court grants the motion to dismiss.

#### 1. Subject Matter Jurisdiction

First, the Court lacks subject matter jurisdiction over this case because the complaint does not identify a federal cause of action. "Federal courts are courts of limited jurisdiction, and the law presumes that 'a cause lies outside this limited jurisdiction.'" *Morris v. U.S. Sentencing*

*Comm'n*, 62 F. Supp. 3d 67, 72 (D.D.C. 2014) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "[P]*ro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers." *Newby v. Obama*, 681 F. Supp. 2d 53, 55 (D.D.C. 2010); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even *pro se* plaintiffs "bear[] the burden of establishing that the Court has subject matter jurisdiction." *Newby*, 681 F. Supp. 2d at 55 (internal quotations omitted).

Congress mandates that "district courts shall have original jurisdiction of all civil actions arising under the Constitution [and] laws … of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction only exists when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (internal quotations omitted). Additionally, the Federal Rules of Civil Procedure "do not create or withdraw federal jurisdiction." *Kontrick v. Ryan*, 540 U.S. 443, 444 (2004) (quoting *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 370 (1978)); *see also Snyder v. Harris*, 394 U.S. 332, 341 (1969); *Commercial Union Ins. v. United States*, 999 F.2d 581, 584 (D.C. Cir. 1993).

Osei brings this case before this Court claiming "[f]ederal question jurisdiction . . . pursuant to *Federal Rule of Civil Procedure 60(d)(3)*." Compl. ¶ 1; *see also* Compl. ¶ 43 (noting claim for "[v]iolation of Federal Rule of Civil Procedure 60(d)(3)"). However, as discussed above, the Federal Rules of Civil Procedure do not provide a valid basis for federal question jurisdiction. *See Kontrick*, 540 U.S. at 444. And the Complaint does not identify any other source of federal question jurisdiction. *See generally* Compl. Therefore, because Osei has not

presented any federal question on the face of his complaint, he has not met the requirements for federal question jurisdiction.

2. Personal Jurisdiction

Second, even assuming the Court had subject matter jurisdiction, it would still dismiss this case because it does not have personal jurisdiction over Standard Chartered. The plaintiff bears the burden of establishing that a court has personal jurisdiction over the defendants, *see FC Inv. Grp. LC v. IFX Mkts., Ltd.*, 529 F.3d 1087, 1091 (D.C. Cir. 2008), and "[p]ersonal jurisdiction may be satisfied by either specific or general jurisdiction." *Brit UW, Ltd. v. Manhattan Beachwear, LLC*, 235 F. Supp. 3d 48, 54 (D.D.C. 2017) (citing *D'Onofrio v. SFX Sports Grp., Inc.*, 534 F. Supp. 2d 86, 90 (D.D.C. 2008)). The Court has neither specific nor general personal jurisdiction over Standard Chartered.

To exercise specific personal jurisdiction over a non-resident, the court must engage in a two-step analysis to determine (1) whether jurisdiction is appropriate under the state's long-arm statute and (2) whether notions of due process are satisfied by exercising jurisdiction over the non-resident. *GTE New Media Servs., Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000). Due process requires a plaintiff to demonstrate that the defendant has "minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). These contacts must be grounded in "some act by which the defendant purposefully avail[ed] itself of the privileges of conducting activities within the forum state, thus invoking the benefits and protection of its laws." *Asahi Metal Indus. v. Super. Ct. of Cal.*, 480 U.S. 102, 109 (1987) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). On the other hand, general personal jurisdiction "sets a

high bar" that requires the defendant to have "continuous and systematic" contacts with the forum state. *D'Onofrio*, 534 F. Supp. 2d at 90. A corporation is subject to general personal jurisdiction in its "place of incorporation" and in its "principal place of business." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).

Here, the Complaint does not support the exercise of either specific or general personal jurisdiction over Standard Chartered. Osei has not alleged *any* conduct by Standard Chartered that occurred in or was directed towards the District of Columbia, let alone conduct that would suffice to establish minimum contacts. *See generally* Compl. He has not provided evidence that Standard Chartered does any business, provides any service, or uses any property in the District of Columbia. *Id.* The Court therefore does not have specific personal jurisdiction over Standard Chartered. Additionally, Standard Chartered is not incorporated nor has a principal place of business in the District of Columbia. Standard Chartered Bank, Ltd. indicates that it is incorporated in England and Wales and has its principal place of business in England. Defs.' Mem. Supp. Mot. Dismiss 7, ECF No. 21-1. Standard Chartered Bank Ghana, Ltd. likewise indicates that it is incorporated and has its principal place of business in Ghana. *Id.* And the disputed entity Standard Chartered Bank New York, to the extent it exists as a separately incorporated legal entity from the two other defendants, is alleged to operate out of New York. *See* Compl. ¶ 5; Defs.' Mem. Supp. 8. Plaintiff has not provided any information refuting those assertions and, thus, has failed to meet his burden. This Court therefore concludes that it does not have personal jurisdiction over Standard Chartered and grants Standard Chartered's motion to dismiss on this basis as well.

## IV.  CONCLUSION

For the foregoing reasons, the Court **DENIES** Osei's motions for recusal and reassignment.  Additionally, the Court **GRANTS** Standard Chartered's motion to dismiss. Because it dismisses this case for lack of subject matter jurisdiction and lack of personal jurisdiction, the Court **DENIES AS MOOT** all remaining pending motions.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  February 25, 2019                                RUDOLPH CONTRERAS
                                                                         United States District Judge